
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50575 |
| Plaintiff-Appellee, | D.C. No.<br>5:05-cr-00060-VAP-1 |
| v. | |
| RONALD ORVILLE GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted August 4, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Appellant Ronald Garcia asks the Court to reverse his conviction because

the district court denied his motion to suppress evidence of marijuana production

obtained pursuant to a warranted search. As the facts are known to the parties, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

repeat them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

Garcia argues that the warrant supporting the seizure of drug evidence was invalid because it relied on information obtained when police intruded on his curtilage in violation of the Fourth Amendment. However, Garcia has failed to establish that a dilapidated and nonfunctional single-wide trailer, used to dry and to cultivate marijuana, "harbor[ed] those intimate activities associated with domestic life." *United States v. Dunn*, 480 U.S. 294, 301 n.4 (1987). Moreover, even assuming the trailer was a home, the officers did not trespass on its curtilage since they saw marijuana in plain view in an area not "intimately linked to the home." *Florida v. Jardines*, 133 S. Ct. 1409, 1415 (2013) (quoting *California v. Ciraolo*, 476 U.S. 207, 213 (1986)); *see also Dunn*, 480 U.S. at 301. Finally, even assuming a Fourth Amendment violation, the warrant nonetheless was supported by probable cause, after excising the challenged information. *See United States v. Barajas-Avalos*, 377 F.3d 1040, 1054 (9th Cir. 2004).

Because the district court's suppression ruling was correct, Garcia's conviction is

**AFFIRMED**.